IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MASON HAROLD HIRAKAWA,      )      CIV. NO. 08-00486 SOM-KSC
                            )
          Petitioner,       )
                            )      ORDER DENYING PETITION FOR
     vs.                    )      WRIT OF HABEAS CORPUS
                            )
T. THOMAS and CLAYTON FRANK, )
          Respondents.      )
_____ )

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

On October 27, 2008, pro se Petitioner Mason Harold
Hirakawa, filed a petition for writ of habeas corpus under 28
U.S.C. § 2254 ("Petition").  As ordered, on December 15, 2008,
Hirakawa filed an Amended Petition to cure the deficiencies in
his original Petition.  (Doc. No. 8.)  Hirakawa challenges the
mandatory minimum term of imprisonment imposed by the Hawaii
Paroling Authority ("HPA").

On January 20, 2009, Respondents filed an Answer to the
Amended Petition. (Doc. No. 13.)  Hirakawa filed a Reply on
February 26, 2009.  (Doc. No. 20.)  For the following reasons
Hirakawa's Amended Petition is DENIED.

### BACKGROUND

On August 18, 2004, Hirakawa pleaded guilty to one
count of Unauthorized Control of Propelled Vehicle, in violation
of Hawaii Revised Statutes ("Haw. Rev. Stat.") § 708-836, in
criminal case Cr. No. 02-1-1700 ("case one") and in Cr. No. 04-1-
0321 ("case two").  Amd. Pet. at App. 5.  On November 10, 2004,

Hirakawa was sentenced to five years of imprisonment in case one, to be served concurrently with any other sentence being served. *Id.* That same day, in case two, the Circuit Court of the First Circuit State of Hawaii ("circuit court") revoked Hirakawa's probation and sentenced him to five years of imprisonment. *Id.* Following Hirakawa's sentencing, and without informing the HPA, the Department of Public Safety ("DPS") transferred Hirakawa to a prison in Mississippi. Ans. at Dec. of Jessie Macadamia.

On September 19, 2005, more than ten months after Hirakawa was committed to the custody of the DPS, the HPA held a minimum term hearing via video conference and set Hirakawa's minimum terms of imprisonment at thirty months. *Id.; Id.* at App. B.

On or about December 6, 2006, Hirakawa's mandatory minimum terms of imprisonment expired. *Id.* at App. A.

On February 17, 2009, Hirakawa filed a Notice of Change of Address from Saguaro Correctional Center to Honolulu, Hawaii, indicating that he is no longer incarcerated. (Doc. No. 17.)

### DISCUSSION

Hirakawa raises three grounds for relief in his Amended Petition: (1) that his due process rights were violated when the HPA held his minimum term hearing more than ten months after he was committed to custody, in violation of Haw. Rev. Stat.

2

§ 706-669(1) ("Ground One")[1]; (2) that he received ineffective
assistance of counsel at his minimum term hearing ("Ground Two");
and (3) that the HPA vindictively enhanced his minimum terms
("Ground Three").  Amd. Pet. at 6, 7, 9, & 13.  Hirakawa seeks
release from custody and an order vacating his conviction.  *Id.*
at 15.

Respondents argue that Grounds One and Two are moot.
This court agrees.  This court also concludes that Ground Three
is moot.  Article III, Section 2 of the United States
Constitution establishes the scope of federal court jurisdiction,
which includes "all Cases . . . arising under this Constitution .
. . [and] Controversies to which the United States shall be a
Party[.]"  The Supreme Court has concluded that "[t]he
Constitution's case-or-controversy limitation on federal judicial
authority . . . underpins . . . our mootness jurisprudence[.]"

_____

[1] Haw. Rev. Stat. § 706-669(1), states

> When a person has been sentenced to an
> indeterminate or an extended term of imprisonment,
> the Hawaii paroling authority shall, as soon as
> practicable but no later than six months after
> commitment to the custody of the director of the
> department of [public safety] hold a hearing, and on
> the basis of the hearing make an order fixing the
> minimum term of imprisonment to be served before the
> prisoner shall become eligible for parole."

Pursuant to Haw. Rev. Stat. § 706-669(1), the HPA should have
held a hearing to set Hirakawa's minimum term of imprisonment on
or before May 11, 2005.

3

*Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180(2000)). Mootness is jurisdictional. *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burnett*, 432 F.3d at 999 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7, (1998)). In other words, "[a] moot action is one where the issues are no longer live or the parties lack a legally cognizable interest in the outcome." *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir.1985).

It is undisputed that the HPA did not set Hirakawa's minimum term of imprisonment before the expiration of the six-month statutory deadline. Prior to filing this action, however, Hirakawa had fully served his mandatory minimum terms. In addition, since filing this action, Hirakawa has been released from custody. *See* Doc. No. 17. Thus, Hirakawa's alleged injuries cannot be redressed by a favorable judicial decision. The court cannot grant Hirakawa any relief.[2]

Moreover, "[t]he general rule concerning mootness has long been that a petition for habeas corpus becomes moot when a

---

[2]Although Hirakawa requests that the court vacate his conviction, that relief is not an available remedy for the constitutional violations he alleges.

4

prisoner completes his sentence before the court has addressed the merits of his petition." *Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir.2001) (quoting *Larche v. Simons*, 53 F.3d 1068, 1069 (9th Cir.1995)).  An exception to this rule arises when, even though a prisoner is released, collateral consequences of the conviction remain in effect.  *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).  As Hirakawa only challenges the circumstances under which his mandatory minimum terms were determined, not the validity of his conviction itself, the exception is inapplicable here.

In addition, this is not a situation "capable of repetition, yet evading review" to which the doctrine of mootness may not apply.  *Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987).  A case is "capable of repetition" only when there is a "reasonable expectation that the same complaining party will be subjected to the same action again."  *Id.*  Courts are hesitant to invoke this doctrine when the possibility of recurrence for the petitioner depends upon his own wrongdoing.  *Id.* at 804 n. 3.  In this case, the possibility of recurrence depends on Hirakawa's commission of another crime.  The court will not apply the repetition doctrine because Hirakawa is able to prevent himself from committing another crime.  Thus, Grounds One, Two and Three of Hirakawa's Amended Petition are moot.  Accordingly, Hirakawa's Amended Petition is **DENIED** as moot.

## CONCLUSION

For the foregoing reasons, Hirakawa's Amended Petition is **DENIED** as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 4, 2009.



　 /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Hirakawa v. Thomas, et al.*, Civ. No. 08-00486 SOM-KSC; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; prose attorneys\Habeas\hmg\2009\Hirakawa 08-486 SOM (dny moot)